■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD G. EHRLICH, Also Known as BERNARD G. ERLICH, Appellant.—Judgment, Supreme Court, New York County (Marie Santagata, J.), entered May 23, 1989, convicting defendant, upon a plea of guilty, of bribe receiving in the second degree (Penal Law former § 200.10) and sentencing him to an indeterminate term of imprisonment of from two to six years, to run concurrently with a six-year Federal prison term

imposed on January 10, 1989, unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentence to from one to three years, and otherwise affirmed.

By Indictment No. 8107/87, defendant was charged with the crimes of conspiracy in the fifth degree and bribery in the second degree, which charges arose from his participation with Stanley M. Friedman and Marvin V. Kaplan in a scheme involving the sale of hand-held computers to the New York National Guard. At the time of these illegal dealings, defendant was a lawyer in partnership with Richard Biaggi and was also a high-ranking officer in the New York National Guard. In addition to the State crimes, defendant was indicted in 1987, together with Congressman Mario Biaggi and others, on Federal charges of racketeering, extortion, bribery, mail fraud, and related offenses, stemming from the affairs of the Wedtech Corporation.

Following his August 1988 conviction after a Federal jury trial, defendant was committed for a CPL article 730 examination and, on November 18, 1988, was found fit to proceed. He was sentenced to a six-year prison term for the Federal crimes on January 10, 1989. Two days later, defendant entered a plea in State court and a sentence of from two to six years, to run concurrently with the Federal sentence, was imposed on May 23, 1989.

On October 31, 1990, defendant's Federal sentence term was reduced to three and one-half years, permitting his release from Federal prison as of October 30, 1991. Before us on appeal is defendant's request that a reduction to the State sentence likewise be effected.

In considering the relief sought, we have examined the record, which has been expanded by prior order of this Court, to include materials submitted to the Federal court in connection with his sentence reduction, including numerous letters written on defendant's behalf. We have also taken into consideration defendant's age, his physical and mental health, and his cooperation, detailed in the Federal court submissions, with the Federal authorities. Finally, we have also considered the emotional and professional toll that defendant's convictions have taken, the genuine remorse and regret he has expressed, and the trial court's observation that defendant had "paid a very high price" and has "almost destroyed [his] own mind because of the guilt and the shame."

Our review persuades us, consistent with the determination of Justice Motley of the United States District Court for the

Southern District of New York, that the interests of justice warrant a modification of the sentence imposed on the within plea, and we accordingly reduce it to a period of from one to three years. Concur—Murphy, P. J., Asch, Kassal and Smith, JJ.