■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE STOKES, Appellant. [892 NYS2d 96]—

Defendant challenges the sufficiency of the evidence supporting two counts relating to stolen gift cards. Since he failed to alert the trial court to his specific claim that, to qualify as a debit card for purposes of Penal Law § 165.45 (2), the card must be issued to a particular person who has a business relationship, such as a bank account, with the card's issuer, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. A debit card is defined in General Business Law § 511 (9), which also defines the term for Penal Law purposes (*see* Penal Law § 155.00 [7-a]) as "a card, plate or other similar device issued by a person to another person which may be used, without a personal identification number, code or similar identification number, code or similar identification, to purchase or lease property or services," but "does not include a credit card or a check, draft or similar instrument." Regardless of whether the term debit card is commonly associated with banking, a gift card meets the statutory definition, as it is a "card" that may be used without a "personal identification number" to "purchase property." The statute imposes no requirement that a specific person be named on the card, or that there be a business relationship between the issuer and possessor. Accordingly, "[t]he evidence in this case satisfies the literal language of the statute" (*People v Thompson*, 99 NY2d 38, 41 [2002] [refusing to read "credit relationship" requirement into statute defining credit card]).

The court properly exercised its discretion in denying defendant's mistrial motion, made on the ground that defendant was prejudiced by evidence relating to a count that the court decided

not to submit to the jury. Defendant was charged with criminal possession of credit cards, debit cards (as discussed above) and jewelry, all of which had been taken in a burglary. The court dismissed the count involving the jewelry, based on a problem it perceived with the police chain of custody. The dismissal did not entitle defendant to a mistrial on all counts (*see People v Brown*, 83 NY2d 791, 794 [1994]; *People v Herminio ·D.*, 273 AD2d 58 [2000], *lv denied* 95 NY2d 905 [2000]). Defendant's remaining contentions concerning uncharged crimes are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The evidence describing the burglary was relevant to prove the credit and debit cards were stolen, and that defendant was aware of that fact, and it was not prejudicially excessive (*see People v Giles*, 11 NY3d 495 [2008]; *People v Alvino*, 71 NY2d 233, 245 [1987]). In any event, any error regarding the burglary evidence and defendant's related claims was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

With regard to defendant's pro se arguments, the ineffective assistance claim is unreviewable on direct appeal because it involves matters outside the record, and the suppression claim is without merit. Concur—Tom, J.P., Andrias, McGuire and Manzanet-Daniels, JJ.