■ The People of the State of New York, Respondent, v Bernard Solomon, Appellant. [911 NYS2d 342]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered September 29, 2008, convicting defendant, after a jury trial, of criminal possession of a forged instrument in the second degree (two counts), theft of services and criminal mischief in the fourth degree, and sentencing him to consecu-

tive terms of 2 to 6 years on each of the forged-instrument counts, to run concurrently with concurrent one-year terms on each of the remaining counts, for an aggregate term of 4 to 12 years, unanimously modified, as a matter of discretion in the interest of justice, by running all sentences concurrently, for an aggregate term of 2 to 6 years, and otherwise affirmed.

This case stems from two separate incidents whereby defendant used forged instruments to gain access to the New York City subway. In the first incident, defendant was caught using altered MetroCards. In the second, he used a reduced-fare card intended for the disabled and senior citizens, and when arrested, was found to be in possession of six altered MetroCards. The two counts of criminal possession of a forged instrument in the second degree required the People to establish that defendant knew the instrument was forged, and that he possessed it with the intent to defraud.[1]

Defendant contends that on the second count of criminal possession of a forged instrument, his conviction was improper because the trial court improperly defined a MetroCard as a "debit card" for the purpose of instructing the jury on the statutory presumption of fraudulent intent to use the MetroCards.[2] Penal Law § 170.27 states, "A person who possesses two or more forged instruments, each of which purports to be a credit card or debit card, as those terms are defined in [General Business Law § 511], is presumed to possess the same with knowledge that they are forged and with intent to defraud, deceive or injure another." Defendant did not preserve his challenge to the court's charge, and we decline to review it in the interest of justice. As an alternative holding we find no basis for reversal.

General Business Law § 511 (9) defines a "debit card" as "a card . . . issued by a person[3] to another person which may be used, without a personal identification number, code or similar identification number, . . . to purchase . . . services." A MetroCard meets this definition inasmuch as it can be used without a code to purchase a service, namely, a subway ride (*see People v Stokes*, 69 AD3d 409 [2010], *lv denied* 14 NY3d 844 [2010], *quoting People v Thompson*, 99 NY2d 38 [2002]). The

---

**1.** "A person is guilty of criminal possession of a forged instrument in the second degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses any forged instrument of a kind specified in section 170.10" (Penal Law § 170.25).

**2.** The instruction was relevant to the first count as well, but defendant does not raise the issue with respect to that count.

**3.** The definition of "person" includes a "corporation" (*see* § 511 [2])—in this case, the Metropolitan Transportation Authority.

fact that Penal Law § 165.15 treats debit cards and all thefts of transportation services in separate subsections is irrelevant to the fact that a MetroCard meets the statutory definition of a debit card under Penal Law § 170.27 and General Business Law § 511 (9).

Defendant's claim regarding the court's *Sandoval* ruling is also without merit. That ruling, which permitted inquiry as to defendant's record but precluded the prosecutor from identifying any of defendant's prior convictions, balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 459 [1994]).

We are persuaded, however, that defendant's sentence of 4 to 12 years warrants modification—given the nonviolent nature of these offenses and defendant's documented mental health issues—to the extent of running the sentences imposed under counts one and two concurrently with each other. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Acosta and Román, JJ.