■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WALSH, Appellant. [957 NYS2d 96]—

The Appellate Division has "broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be within the permissible statutory range" (*People v Delgado*, 80 NY2d 780, 783 [1992]). "We may substitute our own discretion even where a trial court has not abused its discretion" (*People v Edwards*, 37 AD3d 289, 290 [1st Dept 2007], *lv denied* 9 NY3d 843 [2007]) and may reduce a sentence in the interests of justice, taking into account factors such as a defendant's age, physical and mental health, and remorse (*see People v Ehrlich*, 176 AD2d 203, 204 [1st Dept 1991]).

Defendant is a 61-year-old Vietnam veteran, who once had a successful business and stable family life. His decline, marked by business failure, family dissolution and larceny, has been fueled by drug and alcohol abuse. Although his criminal record is extensive, his offenses have been nonviolent, with the instant charges stemming from commercial burglaries.

Considering the nonviolent nature of his criminal conduct, his age and poor health (Crohn's disease, epilepsy, and asthma), and his expressions of remorse, defendant's aggregate sentence of 6 to 12 years warrants modification to the extent of running the sentences imposed under all three counts concurrently with each other (*see People v Solomon*, 78 AD3d 521 [1st Dept 2010], *lv denied* 16 NY3d 863 [2011]; *People v Schonfeld*, 68 AD3d 449 [1st Dept 2009]; *People v Lakatosz*, 59 AD3d 813 [3d Dept 2009], *lv denied* 12 NY3d 917 [2009]; *People v Ostrow*, 165 AD2d 719 [1st Dept 1990]; *People v Harrison*, 120 AD2d 358 [1st Dept

1986], *lv denied* 68 NY2d 668 [1986]). This will result in an aggregate sentence of 3 to 6 years. Concur—Andrias, J.P., Catterson, Moskowitz and Manzanet-Daniels, JJ.

Sweeny, J., dissents in a memorandum as follows: Since the sentence imposed was neither harsh, severe, nor one that should be reduced in the interests of justice, I must dissent.

The facts of this case are not in dispute. On five separate occasions between April 16 and July 8, 2007, the defendant burglarized three different commercial businesses and stole over $1,000 in electronic equipment. He was subsequently charged in a 15-count indictment with nine counts of burglary in the third degree, four counts of petit larceny, and one count each of possession of burglar's tools and grand larceny in the fourth degree. Ultimately, defendant entered a guilty plea to three counts of burglary in the third degree in full satisfaction of the indictment, with a sentence commitment of two concurrent terms of 3 to 6 years, to run consecutive with one term of 3 to 6 years. Defendant, who was potentially a discretionary persistent felony offender, was promised to be sentenced as a second felony offender. Sentence was imposed as promised.

The sole basis for this appeal is defendant's claim that his sentence was excessive. It is uncontroverted that this defendant entered into a negotiated plea and agreed-upon sentence. He did so with the advice of counsel and with the approval of an experienced judge. He does not challenge the validity of those proceedings. He admitted to the second felony offender statement. There is no claim that the plea was anything other than voluntarily, knowingly and freely entered into. Nor is there any claim that defendant was anything but fully competent when he entered his plea. Moreover, defendant is no stranger to the criminal justice system. In fact, he was on parole for a 2006 conviction of burglary in the third degree when he committed these crimes. By defendant's own admission in his brief, he has seven felony convictions, including a conviction for the violent felony of attempted burglary in the second degree, as well as five misdemeanor convictions. The People aver, without contradiction, that he has a history of bench warrants and parole violations and appears to be a multi-state offender with a criminal record in Florida, California, New Mexico, Tennessee, Louisiana and the District of Columbia. Notably, this record begins in 1972, well in advance of the dissolution of his marriage in 1984 and subsequent loss of his business, both of which he blames for his present difficulties. He does not refute the People's allegation that he refused to speak with the probation department for his presentence interview. Nevertheless, he argues that his medical

issues, prior history of substance abuse and age are factors that warrant a reduction of his sentence in the interest of justice.

While I agree with the majority that we have "broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances" (*People v Delgado*, 80 NY2d 780, 783 [1992]), our discretion is not unfettered and must be sparingly applied. We have long held that a reviewing court should rarely reduce a sentence that is the result of a negotiated plea (*People v Lopez*, 190 AD2d 545 [1st Dept 1993]). "Having received the benefit of his bargain, [a] defendant should be bound by its terms" (*People v Cipullo*, 171 AD2d 432, 432 [1st Dept 1991] [internal quotation marks omitted], *lv denied* 77 NY2d 993 [1991]; *People v Vera*, 194 AD2d 404, 404 [1st Dept 1993]; *People v Watson*, 199 AD2d 184 [1st Dept 1993], *lv denied* 83 NY2d 859 [1994]). Furthermore, the sentencing judge is in the best position to determine the appropriate sentence and his or her action should not be disturbed unless there is a clear abuse of discretion (*People v Sheppard*, 273 AD2d 498, 500 [3d Dept 2000], *lv denied* 95 NY2d 908 [2000]).

Here, defendant concedes in his brief that "the aggregate sentence of six to 12 years . . . cannot properly be termed an 'abuse of discretion.' " Nor does he allege any infirmity with respect to the proceedings in this case. He instead argues that his sentence should be reduced in the interests of justice.

An interest of justice determination is not a catch-all provision for second-guessing a sentencing court or a vehicle to be used as an outlet for misplaced sympathy. Rather, where a sentence is imposed in accordance with a plea bargain and is within the statutory guidelines (*Vera*, 194 AD2d at 404), for this Court to reduce a sentence in the interests of justice, there must exist "special circumstances deserving of recognition" (*People v Chambers*, 123 AD2d 270, 270 [1st Dept 1986]). The absence of "extraordinary circumstances" will normally not support a reduction of a sentence in the interests of justice (*id.*; *see also People v Fair*, 33 AD3d 558, 558 [1st Dept 2006], *lv denied* 8 NY3d 945 [2007]; *People v Higgins*, 19 AD3d 877, 877 [3d Dept 2005], *lv denied* 5 NY3d 828 [2005]).

In this case, rather than being extraordinary, the circumstances relied on by the majority to support the reduction in sentence are, tragically, all too ordinary: an individual suffers personal and financial reverses, begins to abuse drugs and/or alcohol either before or after these reverses and ends up facing significant jail time as a result of his commission of various crimes. There is absolutely nothing presented to us that would even remotely warrant a reduction in the agreed upon sentence.

Significantly, every issue raised in this application was before the sentencing judge, who had the advantage of seeing and hearing the defendant. All the points the majority rely on to reduce the sentence, such as defendant's medical condition, age, criminal record and the nature of the crimes charged, were all factors that appear on the record and were taken into consideration in the negotiations regarding the plea offer and sentence commitment.

Simply put, the majority is not engaging in the limited review prescribed by the case law cited herein but is instead giving defendant a sentence reduction based solely upon sympathy. This is not our role. There is no reason to disturb the trial court's sentence, particularly since it was fairly negotiated and admittedly not an abuse of discretion.