■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALLACE ROGERS, Appellant.—Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered November 17, 1988, convicting defendant, after a jury trial, of assault

in the first degree and sentencing him to an indeterminate term of imprisonment of from 5 to 15 years, unanimously affirmed.

Defendant, a security guard at a midtown welfare hotel, was found guilty of beating a nonresident of the hotel with a part of a baseball bat. The victim's life was saved by the emergency removal of a blood clot from his head. Immediately prior to the incident, the victim, who had had previous run-ins with defendant, had tried to enter the hotel by falsely claiming that he lived there.

We find no merit to defendant's claim that his justification defense, based on the testimony of two security guards who claimed that the victim was pulling a gun from his shoulder bag, was not disproved beyond a reasonable doubt. The testimony of the victim and his paramour, as well as the proof of the victim's injuries, amply supports the verdict. Our own review of the evidence *(cf., People v Bleakley,* 69 NY2d 490, 494) satisfies us that the jury properly weighed the evidence, including the victim's motive to lie, the pendency of his civil suit, and the number of inconsistencies in his account and that of his paramour. Moreover, we find a significant contrast between the defense witnesses' account at trial and the report they gave the police. At trial, they claimed that they saw a butt of a gun. After the incident, they told the police officer only that they had thought the victim was armed.

We also find that the court did not abuse its discretion by qualifying as an expert a second-year resident in neurosurgery. The voir dire conducted at the trial shows that the doctor possessed training and knowledge of his subject beyond the ken of a typical juror. *(See, People v Allweiss,* 48 NY2d 40, 50.)* Further, the doctor's specialized knowledge was useful in resolving one of the main questions presented at the trial, namely, whether the victim was beaten with the bat, as the People claimed, or whether the victim hurt himself when he was pushed down a flight of stairs at the defendant's hand.

Further, the trial court did not abuse its discretion in its *Sandoval* ruling. Defendant's harassment and weapons possession convictions were demonstrative of his veracity. *(See, People v Sandoval,* 34 NY2d 371, 377.) Nor did the court abuse its discretion in sentencing defendant. The victim continues to suffer from permanent and irreversible injuries, and defendant has not benefited from the lenient treatment he has been accorded in the past in connection with his earlier convictions. Defendant's remaining contention, that the court coerced the

verdict, is unpreserved, and we decline to reach it. Concur—Kupferman, J. P., Sullivan, Rosenberger, Kassal and Smith, JJ.