■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SEVERINO, Appellant. [665 NYS2d 304] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered May 10, 1994, convicting him of manslaughter in the first degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The hearing court properly found that the defendant's statements were not suppressible as the fruits of an illegal arrest. The evidence presented to the hearing court clearly demonstrated that the police had probable cause to arrest the defendant. The police were able to verify several significant details of the informant's story which were essential to carrying out the crime (*see, People v DiFalco,* 80 NY2d 693, 699). Accordingly, contrary to the defendant's contention, we conclude that the veracity prong of the *"Aguilar/Spinelli"* test was satisfied (*see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410; *People v DiFalco, supra*).

The Supreme Court did not improvidently exercise its discretion in ruling that the prosecutor could cross-examine the defendant about the facts underlying his prior convictions for grand larceny in the fourth degree and possession of a loaded firearm rather than restricting inquiry to the mere fact of their existence. Those convictions were material and relevant to the issue of the defendant's credibility (*see, People v Sandoval,* 34 NY2d 371, 377; *People v Boseman,* 161 AD2d 601, 602; *People v Rogers,* 163 AD2d 157, 158), and the Supreme Court was not obliged to make use of the "*Sandoval* Compromise" (*People v Davis,* 173 AD2d 634).

The defendant's claim that the evidence adduced by the People was legally insufficient to establish his guilt of manslaughter in the first degree for the death of Frank Morales is unpreserved for appellate review (*see, People v Gray,* 86 NY2d 10, 20-21). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Ritter, Krausman and Florio, JJ., concur.