■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WILSON, Appellant. [910 NYS2d 276]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered January 16, 2009 in Albany County, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Following a jury trial, defendant was convicted as charged of criminal sale of a controlled substance in the third degree based upon evidence that he sold cocaine to a confidential informant (hereinafter CI) in the City of Albany on March 19, 2008. Upon

his conviction, defendant was sentenced as a second felony offender to a prison term of eight years with three years of postrelease supervision. Defendant now appeals.

The testimony at trial established that in March 2008, Scott Gavigan, a detective with the Albany Police Department, planned a controlled buy operation to be conducted at the CI's residence in the City of Albany. On the morning of March 19, 2008, the CI was brought to the police station and strip-searched to ensure she possessed no contraband prior to the operation. Gavigan, another officer and the CI then traveled to the general area of Lexington Avenue in an unmarked van. Gavigan then walked to the CI's address and checked the porch area for contraband, with negative results. The CI was then equipped with a concealed sound transmitting device and $40 in prerecorded buy money. The CI then used her cell phone to call defendant with whom she was acquainted. Defendant answered, the CI told him she needed a "40," and defendant replied that he would be right there. The CI then stepped out of the van and started to walk to her address, but had to return to the van when the transmitter began to heat up and burn her. In the meantime, other officers observed defendant arrive at the front of the CI's residence. The CI walked back to that location and met defendant on the porch. The CI and defendant stepped into the porch vestibule, and defendant gave the CI three small pieces of an off-white, rock-like substance in return for the $40. Defendant and the CI then stepped off the porch and walked up the street together a short way before defendant departed on a bicycle. Defendant was then stopped a short distance away by a uniformed officer under the pretense of investigating a report of a stolen bicycle, his identity was confirmed, and he was released. The CI returned to the officers in the van and turned over the three substances that forensic testing later revealed to be cocaine. In order to protect the identity of the CI, defendant was not arrested that day, but instead charged by sealed indictment several weeks later.

Supreme Court did not err in denying defendant's motion for a mistrial regarding an answer given by a potential juror during jury selection. "[T]he decision to grant or deny a motion for a mistrial is within the trial court's discretion" (*People v Newkirk*, 75 AD3d 853, 856 [2010] [internal quotation marks omitted]; *see People v Green*, 31 AD3d 1048, 1049 [2006], *lv denied* 7 NY3d 902 [2006]; *accord People v Miller*, 239 AD2d 787, 787 [1997], *affd* 91 NY2d 372 [1998]). During voir dire, in response to Supreme Court's inquiry of the jury pool whether any of the jurors knew or were acquainted with defendant, defendant's

lawyer or the prosecuting attorney, one of the prospective jurors—a retired prison warden—answered that the "defendant seems vaguely familiar. I don't know if I ran across him in prison or . . . ." Supreme Court immediately interrupted the juror, who was later excused, and the court subsequently denied the motion for a mistrial based on this comment. The court then issued curative instructions upon the continuation of voir dire that jury members were to disregard "what jurors say during jury selection [as it] certainly does not constitute evidence" and further inquired, with negative results, if there were any potential jurors that would be unable to follow that instruction. We find that Supreme Court made an appropriate inquiry of the remaining jurors, and its subsequent curative instructions "sufficiently alleviated any potential prejudice to defendant and ensured his right to an impartial jury" (*People v Green*, 31 AD3d at 1049; *see* CPL 280.10 [1]; *People v Chavys*, 263 AD2d 964, 964 [1999], *lv denied* 94 NY2d 821 [1999]).

Defendant's contention that he was prejudiced by Supreme Court's response to a sitting juror's written note was not preserved for appellate review as he neither objected nor requested a mistrial with respect to this issue (*see People v Heide*, 84 NY2d 943, 944 [1994]; *People v Tomlinson*, 53 AD3d 798, 799 [2008], *lv denied* 11 NY3d 835 [2008]), and we decline to exercise our interest of justice jurisdiction with respect thereto (*see* CPL 470.15 [6] [a]).

Next, we are unpersuaded that Supreme Court abused its discretion in reaching its *Sandoval* ruling. " 'The determination as to which prior convictions . . . can be inquired about and the extent of such inquiry rests primarily within the discretion of the trial court' " (*People v Caston*, 60 AD3d 1147, 1148 [2009], quoting *People v Adams*, 39 AD3d 1081, 1082 [2007], *lv denied* 9 NY3d 872 [2007]). Neither remoteness in time nor similarity to the instant offense automatically requires preclusion of a prior conviction (*see People v Walker*, 83 NY2d 455, 459 [1994]; *People v Vasquez*, 71 AD3d 1179, 1180 [2010], *lv denied* 14 NY3d 894 [2010]). Here, the People requested permission to cross-examine defendant about six convictions. After careful consideration of each, Supreme Court ruled that the probative value of two of those convictions on the issue of defendant's credibility outweighed the potential prejudice to defendant, and further limited inquiry about one—a 1998 conviction for criminal possession of a controlled substance in the fifth degree—to whether defendant was convicted of a felony, without identifying the specific conviction. While the other conviction—for criminal possession of a weapon in the third degree—occurred more than

10 years earlier, there is no bright-line rule of exclusion based upon age of conviction, and older convictions have been permitted where, as here, a defendant was incarcerated for an extensive period of time since the conviction (*see People v Wright*, 38 AD3d 1004, 1005-1006 [2007], *lv denied* 9 NY3d 853 [2007]; *People v Tarver*, 292 AD2d 110, 117 [2002], *lv denied* 98 NY2d 702 [2002]; *People v Teen*, 200 AD2d 785, 786 [1994], *lv denied* 83 NY2d 859 [1994]). Accordingly, we find that Supreme Court "properly considered defendant's history of criminal acts and weighed their probative value with the risk of unfair prejudice" (*People v Vasquez*, 71 AD3d at 1180; *see People v Hayes*, 97 NY2d 203, 207-208 [2002]), such that it cannot be concluded that the court abused its discretion (*see People v Jones*, 70 AD3d 1253, 1254-1255 [2010]).

In addressing defendant's argument that the verdict was against the weight of the evidence, such an analysis is "a two-step approach that requires courts to first determine whether, based on all the credible evidence, a different finding would not have been unreasonable, and, if that step is satisfied, then the appellate court must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Sanchez*, 75 AD3d 911, 913 [2010] [internal quotation marks and citations omitted]; *see People v Romero*, 7 NY3d 633, 643 [2006]; *People v Hebert*, 68 AD3d 1530, 1531 [2009], *lv denied* 14 NY3d 841 [2010]). " 'Essentially, the court sits as a thirteenth juror and decides which facts were proven at trial' and, in light of those facts, whether the elements of the crimes charged have been proven beyond a reasonable doubt" (*People v Sanchez*, 75 AD3d at 913, quoting *People v Danielson*, 9 NY3d 342, 348-349 [2007]). With respect to the charge of criminal sale of a controlled substance in the third degree, the People were obligated to prove that defendant "knowingly and unlawfully [sold] . . . a narcotic drug" (Penal Law § 220.39 [1]). Based on the testimony of the police officers, the CI and the forensic scientist, all of whom described their roles in and observations of the controlled buy that led to defendant's arrest, we find, in evaluating the evidence in a neutral light and according appropriate deference to the jury's assessment of witness credibility, that the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Burroughs*, 64 AD3d 894, 897 [2009], *lv denied* 13 NY3d 794 [2009]; *People v Chatham*, 55 AD3d 1045, 1046 [2008], *lv denied* 14 NY3d 839 [2010]).

Nor are we persuaded by defendant's claim that he was denied

the effective assistance of counsel (*see People v McDaniel*, 13 NY3d 751, 752 [2009]; *People v Benevento*, 91 NY2d 708, 713 [1998]; *People v Battease*, 74 AD3d 1571, 1575 [2010], *lv denied* 15 NY3d 849 [2010]). The record reflects that counsel appropriately conducted jury voir dire, made articulate opening and closing statements, effectively cross-examined witnesses, including the CI, successfully moved to have the majority of the audiotape ruled inadmissible, and made appropriate objections and motions, such that defendant was afforded meaningful representation (*see generally People v McDaniel*, 13 NY3d at 752; *People v Benevento*, 91 NY2d at 713).

Next, we find that the sentence imposed was not harsh and excessive, notwithstanding that the sentence imposed after trial was greater than the sentence offered as part of a pretrial plea (*see People v Robinson*, 72 AD3d 1277, 1278 [2010], *lv denied* 15 NY3d 809 [2010]). Given the nature of the crime committed and defendant's criminal history, which includes numerous convictions for drug-related crimes, we discern no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence (*see* CPL 470.15 [6] [b]; *People v Sanchez*, 75 AD3d at 914-915; *People v Sabin*, 73 AD3d 1390, 1391 [2010], *lv denied* 15 NY3d 809 [2010]; *People v Fairley*, 63 AD3d 1288, 1290-1291 [2009], *lv denied* 13 NY3d 743 [2009]).

Defendant's remaining argument, that the verdict should be set aside in the interest of justice, has been reviewed and found to be without merit.

Spain, J.P., Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.