Rose, J.
Although defendant contends that his conviction was against the weight of the evidence, he did not dispute that crack cocaine was recovered from the Cl and that she testified to having purchased it from him. While defendant made substantial efforts to call the Cl’s version of events into question, a police detective who observed the transaction largely corroborated her account. The jury chose to credit that testimony in finding that defendant had “knowingly and unlawfully [sold] a narcotic drug” (Penal Law § 220.39 [1]). Viewing the evidence in a neutral light and deferring to the jury’s credibility determinations, we find that the jury gave the evidence the weight it should be accorded (see People v Edwards, 96 AD3d 1089, 1091 *1166 [2012], lv denied 19 NY3d 1102 [2012]; People v Wilson, 78 AD3d 1213, 1216 [2010], lv denied 16 NY3d 747 [2011]; People v Morris, 25 AD3d 915, 918 [2006], lv denied 6 NY3d 851 [2006]).
We also find that County Court struck an appropriate balance in its Sandoval ruling. The court barred inquiry into defendant’s misdemeanor convictions and limited the inquiry into his numerous drug-related felony convictions. While the People were permitted to fully inquire into defendant’s 1997 conviction for criminal possession of a loaded firearm, that conviction was “material and relevant to the issue of the defendant’s credibility” (People v Severino, 243 AD2d 737, 738 [1997], lv denied 91 NY2d 880 [1997]; see People v Rogers, 163 AD2d 157, 158 [1990], lv denied 76 NY2d 943 [1990]). Further, the age or remoteness of a conviction is of less importance where, as here, defendant was incarcerated for a significant portion of the intervening years (see People v Woodard, 93 AD3d 944, 946 [2012]; People v Wilson, 78 AD3d at 1216).
Nor can we agree with defendant’s assertion that he received the ineffective assistance of counsel. His counsel persistently advanced the defense that defendant had not sold the drugs, relying upon the lack of any physical or documentary evidence tying defendant to the crime, as well as the Cl’s alleged lack of credibility, her opportunity to secrete drugs on her person and her interaction with other individuals before the alleged transaction took place. Counsel’s decision to argue that the Cl had purchased the cocaine from another drug dealer and not from defendant, rather than dwell on the chain of custody or discrepancies in the reported weight of the cocaine, was a supportable tactical decision — particularly as weight was not an element of the offense charged (see Penal Law § 220.39 [1]; People v Brown, 44 AD3d 965, 966 [2007], lv denied 9 NY3d 1031 [2008]; People v Alexander, 255 AD2d 708, 709 [1998], lv denied 93 NY2d 897 [1999]). Further, our review of the record discloses no support for defendant’s speculation that the Cl was shown more than one photo array, and counsel thoroughly cross-examined her regarding her ability to identify defendant from the array. Indeed, counsel made numerous objections, vigorously cross-examined witnesses and plausibly contended that defendant had not sold the drugs. When viewed in the totality of the circumstances here, we find that defendant received meaningful representation (see People v Phillips, 96 AD3d 1154, 1156 [2012], lv denied 19 NY3d 1000 [2012]; People v Kuforiji, 88 AD3d 1165, 1166 [2011]).
We have examined defendant’s remaining contentions, including his claim that the sentence imposed was harsh and excessive, and find them to be without merit.
*1167 Mercure, J.P., Lahtinen, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.