476

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
EUGENE R. SULLIVAN, Appellant.

Third Department, June 19, 1986

## APPEARANCES OF COUNSEL

*Norberta Fuller Krupczak* for appellant.

*William H. Gritsavage, District Attorney (Valerie Friedlander* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

Defendant was indicted and charged with two counts of sodomy in the first degree based on allegations that he sodomized the three-year-old son of his girlfriend. He pleaded not guilty and was tried before a jury. The child's mother testified that on February 18, 1984, at about 4:30 A.M., her three-year-old son came into her room crying and told her, "Daddy put his dink in my hiney." She testified that the child referred to defendant as "daddy" even though defendant was not his natural father. The mother immediately confronted defendant with the accusation and he denied it. The next day, she contacted authorities and a medical examination of the boy revealed anal swelling consistent with sodomy. Police officers questioned defendant and he gave a written statement admitting, "I pulled [the boy's] undershorts down. I put my penis between his legs. I pressed my penis in about ¼ of an inch and then stopped." Additionally, the police officer who questioned defendant testified that defendant stated at the time of the confession that he placed his penis in the boy's anus about one quarter of an inch. After all of the proof was in, County Court dismissed one of the counts of first degree sodomy. Defendant was found guilty of the other count and was sentenced to an indeterminate term of imprisonment of 4 to 12 years. This appeal by defendant ensued.

Initially, defendant argues that County Court improperly allowed the police officer to testify to oral admissions made by

defendant at the time he confessed because the People's notice of intent to offer evidence (see, CPL 710.30 [1]) referred only to the written statement and not any oral statements. The purpose of the notice is to give a defendant adequate time to prepare his case for questioning the voluntariness of a confession or admission (People v Briggs, 38 NY2d 319, 322-323). It has been held that strict compliance with the statute is not required so long as the notice function is served (see, People v Taylor, 102 AD2d 944, 945, affd 65 NY2d 1). Here, the officer testified at the suppression hearing regarding defendant's oral admissions. Since defendant thus had an opportunity to challenge the voluntariness of such statements, he cannot be heard to complain about the lack of formal notice (see, People v Swanton, 107 AD2d 829; People v Bowden, 104 AD2d 695, 696). This is especially true where, as here, the " 'sum and substance' " of the oral statements is subsumed into the written version (People v Bennett, 80 AD2d 68, 71, affd 56 NY2d 837).

Next, defendant argues that County Court improperly allowed the mother to testify regarding her son's statement to her, "Daddy put his dink in my hiney." County Court ruled that the statement was hearsay but was admissible pursuant to the spontaneous utterance exception to the hearsay rule. Even assuming that the child's statement qualifies as a spontaneous utterance, such conclusion only cures the hearsay aspect of the testimony. More basic is the question of whether the statement is inadmissible on the ground that the declarant was an incompetent witness. It is presumed that a child under 12 years of age is not competent to be sworn, though he may give unsworn evidence if the court is satisfied that he possesses sufficient intelligence and capacity to justify the reception of such evidence (CPL 60.20 [2]). Here, the boy was four years old at the time of trial and an attempt by the People to offer him as an unsworn witness would have necessitated an inquiry by the trial court into his intelligence and capacity. By not offering the boy as a witness and simply offering the out-of-court statement to his mother, this precautionary measure was effectively circumvented. A spontaneous utterance is admissible because it is impulsive and unreflecting and is, therefore, trustworthy (Richardson, Evidence § 281, at 246 [Prince 10th ed]). A child's unsworn testimony is called into question not because of untrustworthiness, but because the child may lack the requisite intelligence and capacity. If a witness is incompetent to testify such that his in-court state-

ments are inadmissible, there is no logical reason why his statements should become admissible simply because they were made out of court. Thus, the statement made to the mother by her son was not admissible for the truth of the fact asserted therein.

While the statement should not have been admitted, such error is harmless in light of the other evidence offered, particularly defendant's written confession and his contemporaneous oral admissions. These inculpatory statements establish each element of the crime charged. Defendant sought to explain away these admissions on his direct testimony, but this simply presented a question of credibility for the jury. Further, testimony of witnesses who physically examined the child supplied the necessary corroboration for defendant's confession (see, CPL 60.50). Since it cannot be said that there is a significant probability that the jury would have acquitted defendant but for the improperly admitted evidence, the error is harmless (see, People v Crimmins, 36 NY2d 230, 242).

We have considered the remaining issues advanced by defendant and find them to be without merit.

CASEY, J. (concurring). The competence issue has not, in my view, been preserved for appellate review. Defendant objected to the admission of the victim's statement and specified hearsay as the basis for his objection. During the subsequent discussion with the jury absent, defendant limited his objection to the sufficiency of the proof that the statement was spontaneous. At no time did defendant raise the question of whether the victim's competence to testify was relevant to the admissibility of the statement. In his brief on appeal, defendant continues to argue only that the statement was inadmissible hearsay due to the lack of proof of spontaneity.

KANE, WEISS and LEVINE, JJ., concur with MAHONEY, P. J.; CASEY, J., concurs in an opinion.

Judgment affirmed.