■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT VAN PATTEN, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered September 10, 1985, upon a verdict convicting defendant of the crime of sodomy in the first degree.

On May 2, 1985, the victim's mother, upon her return from shopping, was told by her four-year-old son that in her absence he had been sodomized anally by defendant, the mother's live-in boyfriend. An elder son, aged six, reported having heard the younger boy scream and call for his mother while in the master bedroom with defendant. The mother examined the sheets of the bed and noticed blood stains. When defendant later returned home, she confronted him in the presence of their landlord, but defendant denied the accusation.

On May 4, 1985, a police officer of the City of Albany and

two social workers from Child Protective Services came to the victim's apartment and took him for a medical examination. Accompanied by his mother, the victim was examined. The examination revealed the presence of seminal fluid in the victim's rectal area. The police officer was then told by the mother about the events that occurred two days before. The police officer and his officer companion returned to the apartment and requested that defendant accompany them to police headquarters, where defendant was given *Miranda* warnings and made a sworn statement admitting his commission of the crime. The mother consented in writing that the police take the bed sheets for analysis. Following defendant's conviction as charged, he received a prison sentence as a second felony offender of 12½ to 25 years.

On this appeal, defendant contends (1) that reversible error was committed in permitting the infant victim's hearsay statement to be admitted as an excited utterance; (2) that the evidence was legally insufficient to support his conviction; and (3) that the comments of the prosecutor in summation were improper and inflammatory.

In regard to defendant's first claim, we do not perceive error sufficient to invalidate the verdict. To be spontaneous, statements need not be coincident in time with the event in order to be admissible *(People v Edwards,* 47 NY2d 493, 498). The statements are admissible if the trial court determines that the declarant was so influenced by the shock and excitement of the event that it is probable that he spoke impulsively and without reflection, rather than after deliberation *(People v Egan,* 78 AD2d 34, 37). Here, the trial court, after examining the infant victim and determining the sufficiency of his capacity and intelligence *(see, People v Sullivan,* 117 AD2d 476), and considering the surrounding circumstances and the victim's reluctance to describe the incident, properly ruled the victim's statement to the mother to be admissible. Furthermore, the proof of defendant's guilt was overwhelming and renders any error in this regard harmless *(see, People v Crimmins,* 36 NY2d 230, 242). This same rule of harmless error should be applied to the trial court's failure to charge that corroboration is required of unsworn testimony before a verdict may be based thereon *(see, People v Sullivan, supra).* When the court examined the infant victim, the victim appeared uncooperative and uncommunicative. In view of these conditions and of his age, his testimony could properly be excused on the grounds of his unavailability *(see, People v Crampton,* 107 AD2d 998).

We further find that the prosecutor's remarks in summation were not unduly prejudicial. When he testified, defendant gave a version of the events different than that contained in his statement. It was proper, therefore, for the prosecutor in summation to point out the discrepancies, inconsistencies and omissions (see, People v Savage, 50 NY2d 673, cert denied 449 US 1016). The judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.