■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON FAISON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered June 11, 1984, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The attempts by the prosecutor, over objections, to impeach the defendant by extensively cross-examining him about and commenting upon his failure to disclose his alibi to the police prior to trial, deprived the defendant of a fair trial *(see, Doyle v Ohio,* 426 US 610, 617-619; *People v Savage,* 50 NY2d 673, 677, *cert denied* 449 US 1016). To impeach the defendant for his postarrest silence after he had been given *Miranda* warnings and had chosen to exercise his constitutional right to remain silent, was, in effect, to punish him for exercising that right, a clear violation of the Constitution *(see, Doyle v Ohio, supra,* at p 618; *People v Savage, supra,* at pp 677-678).

In addition, the prosecutor acted improperly by cross-examining the defendant despite defense counsel's objection, and commenting upon his failure to produce either employment records or testimony by his former employer to substantiate his claim that he was at work at the time of the alleged robbery *(see, People v Grice,* 100 AD2d 419, 422; *People v Webb,* 68 AD2d 331, 334). This erroneously suggested that the defendant had the burden of proving his alibi defense *(see, People v Victor,* 62 NY2d 374, 377; *People v Young,* 115 AD2d 574, 575). Moreover, the defendant's former employer and his employment records were equally accessible to the People as to the defendant *(cf. People v De Jesus,* 42 NY2d 519, 525; *People v Rodriguez,* 38 NY2d 95, 98).

Finally, the testimony by a police officer that the complainant had identified the defendant to him as her robber, and that, after having a brief conversation with her, he arrested the defendant, improperly bolstered the complainant's identification testimony, both directly *(see, People v Trowbridge,* 305 NY 471, 477) and inferentially *(People v Holt,* 67 NY2d 819,

821). Although the defendant did not preserve the issue for appellate review *(People v Love,* 57 NY2d 1023, 1025), we deem this an appropriate case for exercising our discretion to reach this issue in the interest of justice. This was a far from overwhelming case in which the People relied upon the complainant as their sole eyewitness, and the defendant presented an alibi defense. In light of our determination, we need not reach the defendant's other contentions. Bracken, J. P., Lawrence, Eiber and Spatt, JJ., concur.