■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Ain, J.), rendered November 6, 1986, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Our review of the record reveals that the trial court did not abuse its discretion in continuing the trial without the defendant after the defendant had engaged in conduct disruptive of the proceedings. At the first instance of misbehavior by the defendant, the court adjourned the proceedings for the day. On the following day the record indicates the court had difficulty in getting the defendant into the courtroom despite several attempts. The court then transferred the proceedings to an anteroom beside the courtroom where it twice warned the defendant, in the presence of his attorney and the prosecutor, that the trial would continue without his physical presence if he continued his disruptive behavior (CPL 260.20). In addition, the court attempted to convey to the defendant the advantages of his being present at his trial. When the court saw that its warnings were unavailing and ineffective, it made a determination under CPL 260.20 to continue the trial without the physical presence of the defendant *(see, People v Windley,* 134 AD2d 386). Arrangements were made, to the satisfaction of defense counsel, to have the defendant hear the proceedings in the room to which he was confined in addition to providing direct telephone communication with his attorney *(see, People v Harris,* 115 AD2d 619). The jury was repeatedly given curative instructions with respect to the defendant's absence and we find no basis to criticize the court's handling of the situation.

There is no merit in the defendant's contention that the prosecutor improperly commented on the defendant's failure to mention in his statement to the detectives that the deceased had a gun in his hand at the time the defendant shot

■■■■■■■■■■■■

him. The comments by the prosecutor were not directed to the failure of the defendant to testify at the trial *(People v Savage,* 50 NY2d 673) or designed to punish him for the exercise of his constitutional right to remain silent *(cf., People v Faison,* 126 AD2d 739), but were properly made to point out the discrepancies, inconsistencies and omissions in the statement he gave the police *(People v Van Patten,* 125 AD2d 827).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.