■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER ODENTHAL, Appellant. [629 NYS2d 414] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered May 29, 1992, convicting defendant, after a jury trial, of two counts of robbery in the third degree, and sentencing him, as a second felony offender, to consecutive terms of 3 to 6 years, unanimously affirmed.

Where, as here, the two crimes involved a unique " 'over-all pattern' " (*People v West*, 160 AD2d 301, 302, *lv denied* 76 NY2d 798), the prosecutor was permitted to argue in summation that this distinctive modus operandi established defendant's

identity as the perpetrator (*People v Jason*, 190 AD2d 689, *lv denied* 81 NY2d 1015). Both purse snatchings were perpetrated against women who were alone on public streets in the Bronx between the hours of 4:00 and 5:00 A.M. The robberies occurred within nine to ten weeks of each other. In each case, the assailant was a white male in his twenties with blond curly hair and between 5 feet 6 inches to 5 feet 7 inches and 5 feet 10 inches to 6 feet tall. In each case, the assailant exited a vehicle, having been driven to the scene by an associate who then made a U-turn in the street near the victim. Both robberies were committed without a weapon by kicking the victim, from behind, and pulling her down to the ground. In each, only the victim's pocketbook was taken. There was no physical or sexual abuse nor any demand for jewelry. Finally, the associate waited until the perpetrator re-entered the passenger side of the car and they then sped away.

Defendant's claim that he was denied his right to counsel is without support in the record. The court had granted defendant's pre-trial request for substitution of counsel and assigned defendant his fourth attorney when defendant was advised the court would not assign another lawyer and, if he did not "like this lawyer", he could avail himself of "the alternative" of representing himself. The court never advised defendant that he was precluded from raising complaints about assigned counsel's trial performance or that the court would not entertain serious requests concerning counsel's performance. The court responded to what it reasonably determined were delaying tactics on the part of defendant.

Defendant had neither a right to his choice of counsel nor a right to successive counsel (*People v Sawyer*, 57 NY2d 12, 19, *cert denied* 459 US 1178; *People v Sides*, 75 NY2d 822, 824), and such being the case there was no right which the court's warning could have chilled. Defendant never complained about his last assigned counsel nor sought another substitution.

The record reflects that defendant was provided effective, conflict-free representation. Counsel's decisions, not to call an alibi witness and to devote his summation to the most compelling arguments he had concerning inconsistencies in the witness identifications, were reasonable strategic decisions (*see, People v Garcia*, 75 NY2d 973). Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Tom, JJ.