■ The People of the State of New York, Respondent, v Wrestley Walnut, Appellant. [638 NYS2d 119] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg. J.), rendered June 30, 1994, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We agree with the trial court that the defendant failed to establish a prima facie case of purposeful discrimination based solely on an alleged pattern of peremptory challenges (see, People v Boiling, 79 NY2d 317; People v Jenkins, 75 NY2d 550).

We reject the defendant's contention that his right to counsel was abridged when the trial court failed to grant the defendant's request for new assigned counsel a second time in this case. At the commencement of the case, an attorney from the

Legal aid Society was assigned to represent the defendant. Subsequently, the defendant requested a new attorney and a new attorney was assigned to the defendant. Prior to the commencement of the trial, the defendant again requested new counsel, and the court denied his request. While an indigent defendant has a right to a court-appointed lawyer, he does not have the right to his choice of assigned counsel *(see, People v Sawyer,* 57 NY2d 12, *cert denied* 459 US 1178; *People v Jones,* 213 AD2d 426). Since the defendant had already been granted a substitution of assigned counsel previously and failed to demonstrate good cause for a second substitution, he was not entitled to another substitution of assigned counsel *(see, People v Sawyer, supra; People v Medina,* 44 NY2d 199; *People v Jones, supra; People v Stubbs,* 175 AD2d 187).

The trial court did not improvidently exercise its discretion in continuing the trial without the defendant after the defendant had engaged in conduct disruptive of the proceedings, refused to promise to behave, and repeatedly asked to leave after the consequences of his absence from the courtroom during trial were explained to him *(see, People v Johnson,* 37 NY2d 778; *People v Williams,* 143 AD2d 859).

There is no merit to the defendant's contention that he was erroneously adjudicated a second violent felony offender. The defendant failed to prove by substantial evidence that his prior conviction, which was based upon his plea of guilty, was unconstitutionally obtained *(see,* CPL 400.15 [7] [b]; *People v Harris,* 61 NY2d 9, 15; *People v Gilliard,* 116 AD2d 657, 658). Furthermore, under the circumstances, the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Altman, Friedmann and Florio, JJ., concur.