■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN BROWN, Appellant. [663 NYS2d 26] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered May 8, 1992, convicting defendant, after a jury trial, of rape in the first degree (2 counts), sodomy in the first degree, and endangering the welfare of a child (2 counts), and sentencing him, as a second felony offender, to concurrent prison terms of 9 to 18 years on the rape and sodomy convictions, and 1 year on the remaining convictions, unanimously affirmed.

Defendant waived his right to be present during the jury voir dire proceedings by repeated disruptive outbursts. Notwithstanding the court's repeated warnings that if defendant continued his outbursts before the jury panel he would risk prejudice to his case and forfeit his right to be present at trial, and notwithstanding defendant's representation that he would behave appropriately in the courtroom, defendant continued his outbursts in the presence of the jury panel from which the last five jurors and the alternates were to be selected.

In the circumstances, the court properly called a recess and, outside the presence of the jury panel, ruled that defendant would be removed from the courtroom during the continued jury voir dire proceedings, with communication maintained through the use of a microphone arrangement (*People v Brooks*, 184 AD2d 274, *lv denied* 80 NY2d 901), which defendant refused to utilize. We conclude that the court acted well within its discretion in excluding defendant from the balance of the jury voir dire proceedings (*see, People v Byrnes*, 33 NY2d 343, 349). The court's ruling that communication could be maintained through the microphone system and any notes defendant wished to have delivered to counsel, was an appropriate accommodation, and the court's repeated instructions to the venirepersons and jury members that they were not to engage in any speculation, nor draw any inference from defendant's absence, assured that no undue prejudice would accrue to defendant (*see, People v Williams*, 143 AD2d 859).

The trial court properly exercised its discretion in concluding, following appropriate inquiry, that a ten year old witness who had demonstrated the capacity to understand the nature of an oath, as well as knowledge of the difference between the truth and a lie and an appreciation of the potential consequences of not telling the truth at court proceedings, was capable of giving sworn testimony (*People v Nisoff*, 36 NY2d 560).

Defendant's general objection did not preserve his current claim that the stated qualifications of the People's expert witness were insufficient to warrant his acceptance as an expert in the field of gynecology (*People v Davis*, 226 AD2d 125, *lv denied* 88 NY2d 1020), and we decline interest of justice review. Were we to review in the interest of justice, we would find that the witness's stated qualifications permitted his acceptance as an expert (*People v Rogers*, 163 AD2d 157, 158, *lv denied* 76 NY2d 943), with the jury properly instructed that the weight of such testimony was a question for its determination (*Meiselman v Crown Hgts. Hosp.*, 285 NY 389, 398).

Based on the existing record, we find that defendant received meaningful representation by counsel (*see, People v Rivera*, 71 NY2d 705; *People v Baldi*, 54 NY2d 137; *see also, People v Hobot*, 84 NY2d 1021). Concur—Milonas, J. P., Rubin, Tom, Andrias and Colabella, JJ.