■ The People of the State of New York, Respondent, v Carl Davis, Appellant. [704 NYS2d 592] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered May 14, 1997, convicting defendant, after a jury trial, of assault in the second degree (three counts), reckless endangerment in the first degree and grand larceny in the fourth degree, and sentencing him, as a persistent violent felony offender, to three concurrent terms of 25 years to life, to run consecutively to consecutive terms of 3½ to 7 years and 2 to 4 years, and an aggregate fine of $25,000, unanimously modified, on the law, to the extent of vacating the sentences and remanding for resentencing, and otherwise affirmed.

The court's denial of defendant's mid-trial request for new counsel was a proper exercise of discretion (*see, People v Sides,* 75 NY2d 822; *People v Tineo,* 64 NY2d 531, 536; *People v Medina,* 44 NY2d 199). Defendant's disagreement with counsel's strategy was not the kind of fundamental conflict that would require assignment of new counsel (*supra; cf., People v Colon,* 90 NY2d 824, 825). Counsel's refusal to adopt defendant's "misidentification" defense did not render counsel ineffective, particularly since defendant was chased and apprehended by five police officers who never lost sight of him after he fled from the stolen car (*see, People v Benevento,* 91 NY2d 708, 712-713; *People v DeFreitas,* 213 AD2d 96, *lv denied* 86 NY2d 872; *People v Odenthal,* 217 AD2d 412, *lv denied* 86 NY2d 845). Defendant's alternative request for hybrid representation was properly denied (*People v Garcia,* 69 NY2d 903). Defendant's decision to represent himself because of his dissatisfaction with his attorney was knowingly and voluntarily made. The court thoroughly warned defendant, who was no stranger to the criminal justice system, about the dangers of self-representation (*see, People v Smith,* 92 NY2d 516, 520; *People v Wendley,* 260 AD2d 185, *lv denied* 93 NY2d 930).

The court properly removed defendant from the courtroom when, despite several warnings, he behaved in a disruptive manner on several occasions, and his conduct was admittedly

designed to provoke a mistrial. Defendant was not deprived of his rights to confrontation or counsel; he alone was responsible for the manner in which the trial was conducted. Defendant hurled racial epithets at the jurors when given the chance to cross-examine a witness who had testified in his absence, thereby causing his removal for a second time (*see, People v Geraci*, 85 NY2d 359, 366; *People v Palermo*, 32 NY2d 222, 225; *People v Brown*, 243 AD2d 282, *lv denied* 91 NY2d 870). Defendant repeatedly instructed the court that he did not want his attorney (serving as his standby legal advisor) to represent him in his absence (*cf., People v Byrnes*, 33 NY2d 343, 350), while at other times seeking hybrid representation.

As correctly conceded by the People, defendant's adjudication as a persistent violent felony offender based on an Illinois conviction for the unlawful use of a weapon involving a sawed-off shotgun is defective since the analogous crime in New York is not a violent felony. Accordingly, the matter should be remanded for resentencing, at which time the People are not foreclosed from attempting to have defendant sentenced as a persistent violent felon (*see, People v Hunt*, 162 AD2d 782, *affd* 78 NY2d 932, *cert denied* 502 US 964 [1991]; *see also, People v Sepulveda*, 172 AD2d 223).

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Nardelli, J. P., Ellerin, Lerner and Rubin, JJ.

■ In the Matter of Violet Crystal F. and Others, Children Alleged to be Permanently Neglected. Catholic Guardian Society, Respondent; Britton Michael T., Appellant, et al., Respondent. [704 NYS2d 257] —Order of disposition, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about February 3, 1998, which, upon respondent's failure to appear at the fact-finding and dispositional hearings, terminated his parental rights to the subject children upon a finding of permanent neglect, and committed the children's custody and guardianship to petitioner agency and the Commissioner of Social Services for the purposes of adoption, and order, same court and Judge, entered on or about September 11, 1997, which denied respondent's motion to vacate his default, unanimously affirmed, without costs.

Respondent's motion to vacate his default was properly denied upon the ground that his claim that he was tending to his ailing father on the day of the hearings was not credibly substantiated (*see, Matter of Male J.*, 214 AD2d 417). Also unsubstantiated were respondent's claims that he regularly visited or attempted to visit the children. His claims that he