■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIPE ARROYO, Appellant. [930 NYS2d 557]—

The court properly denied defendant's motion to suppress the statement he made to a detective, prior to any *Miranda* warnings, as he was being placed under arrest. During this process of moving defendant from an interview room to a cell, the detective asked defendant an innocuous question about whether he understood what was happening; in context, this question did not reasonably appear to have anything to do with the facts of the case. Thus, the detective's question was not reasonably likely to elicit an incriminating response (*see People v Rivers*, 56 NY2d 476, 480 [1982]; *People v Lynes*, 49 NY2d 286, 294-295 [1980]).

The court properly admitted evidence of defendant's prior bad acts toward the victim. This evidence provided relevant background regarding the events leading up to the murder and the relationship between defendant and the victim (*see People v Leeson*, 12 NY3d 823, 827 [2009]; *People v Dorm*, 12 NY3d 16, 19 [2009]). Any error in receiving evidence of defendant's prior abuse of the victim's children was harmless.

The court properly exercised its discretion in admitting graphic photographs, since they were relevant to the issues of intent and identity, and they tended to corroborate the testimony of several witnesses (*see People v Byrd*, 303 AD2d 184 [2003], *lv denied* 100 NY2d 641 [2003]). Among other things, the photos showed that the victim was killed in a manner that precisely matched defendant's threats against her.

After conducting a hearing pursuant to *Massiah v United States* (377 US 201 [1964]), the court properly received evidence of defendant's admissions to a fellow inmate. The witness's

involvement in other cases did not make him a government agent in this case (*see People v Fernandez*, 23 AD3d 317 [2005], *lv denied* 6 NY3d 812 [2006]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Gonzalez, P.J., Andrias, Saxe and Sweeny, JJ.