■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN CARMICHAEL, Appellant. [988 NYS2d 613]—

Order, Supreme Court, New York County (Roger S. Hayes, J.), entered on or about December 14, 2012, which denied defendant's CPL 440.10 motion to vacate a judgment of conviction rendered December 10, 2007, unanimously affirmed.

The motion court correctly rejected defendant's claim of ineffective assistance of counsel. Defendant has not established that any of his trial counsel's alleged errors or omissions resulted in prejudice under the state or federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Regardless of whether counsel should have sought to suppress defendant's statement on the ground of violation of the right to counsel, defendant has not shown a reasonable probability that such a claim would have been successful. Under all the circumstances, defendant's comments that "maybe" he should talk to a lawyer did not constitute an unequivocal request for counsel (*see Davis v United States*, 512 US 452, 459 [1994]; *People v Wilson*, 93 AD3d 483 [2012], *lv denied* 19 NY3d 978 [2012]).

Regardless of whether counsel should have made a more detailed attempt to establish a prima facie case of discrimination pursuant to *Batson v Kentucky* (476 US 79 [1986]), defendant has not shown that such efforts would have ultimately resulted in the seating of any jurors peremptorily challenged by the prosecutor. In any event, defendant has not shown that any *Batson* violation resulted in an unfair jury (*see Morales v Greiner*, 273 F Supp 2d 236, 253 [ED NY 2003]).

Defendant has not established that his counsel's decision not to call certain potential witnesses deprived defendant of a fair trial or had a reasonable probability of affecting the outcome of the case. At best, these witnesses would have suggested an innocent explanation for minor portions of the prosecution's case. Moreover, the submissions on the 440.10 motion establish that counsel made a strategic decision not to call these witnesses, and we conclude that this strategy did not fall below an "objective standard of reasonableness" (*Strickland*, 466 US at 688).

Defendant's challenges to the prosecutor's opening statement and summation are not cognizable by way of a CPL 440.10 motion, and are without merit in any event. Concur—Sweeny, J.P., Renwick, Andrias, Saxe and Kapnick, JJ.