■ The People of the State of New York, Respondent, v
Darren Bracey, Appellant. [997 NYS2d 420]—

Judgment, Supreme Court, New York County (Michael R.
Sonberg, J.), rendered March 23, 2010, convicting defendant, af-
ter a jury trial, of burglary in the first degree (two counts), rob-
bery in the first degree (two counts), robbery in the second
degree, criminal possession of a weapon in the second degree
(two counts) and criminal possession of a controlled substance
in the third and fourth degrees, and sentencing him, as a persis-
tent violent felony offender, to an aggregate term of 20 years to
life, unanimously affirmed. Order, same court and Justice,
entered on or about April 30, 2013, which denied defendant's
CPL 440.10 motion to vacate the judgment, unanimously af-
firmed.

The motion court properly denied defendant's CPL 440.10
motion, based on his claim of ineffective assistance of counsel.
Defendant has not established that his trial counsel's alleged er-
rors resulted in prejudice under the state or federal standards
(*see People v Benevento*, 91 NY2d 708 [1998]; *Strickland v
Washington*, 466 US 668 [1984]). Regardless of whether counsel
should have obtained the victim's medical records earlier, and
regardless of whether counsel should have consulted an expert
or called one to testify about the victim's mental health, defend-
ant has not shown a reasonable possibility that such an
impeachment of the victim would have been any more success-
ful than the impeachment devices counsel did employ at trial
(*see e.g. People v Carmichael*, 118 AD3d 603 [1st Dept 2014]).

There is no indication that psychiatric records and testimony
would have supported a conclusion that the victim's account of
the incident was the product of mental illness, or would have
supported defendant's defense. As the result of a suppression
ruling, the victim's ability to identify defendant was not at is-
sue. The victim's account of the crime was extensively cor-
roborated by, among other things, a 911 call by another tenant
in the apartment building and police observations of defend-
ant's incriminating behavior when he was found dropping a
loaded firearm. Accordingly, the absence of additional psychiat-
ric evidence did not deprive defendant of a fair trial or
undermine confidence in the result. Contrary to defendant's
argument, *People v Oliveras* (21 NY3d 339 [2013]) is distin-
guishable, since that case involved a "total failure" to obtain

psychiatric records that had a far greater potential to undermine the People's case (*id.* at 348).

The court properly denied defendant's motion to suppress his statements to the police. The officer's pre-*Miranda* questions constituted improper custodial interrogation, because even though these questions purported to inquire only about unrelated criminal activity for intelligence-gathering purposes, they were "reasonably likely to elicit an incriminating response" under the particular circumstances of the case (*Rhode Island v Innis*, 446 US 291, 302 [1980]; *compare People v Arroyo*, 88 AD3d 495 [1st Dept 2011], *lv denied* 18 NY3d 955 [2012]). However, the post-*Miranda* statements were admissible because "the circumstances presented here do not constitute a single continuous chain of events" (*People v White*, 10 NY3d 286, 292 [2008], *cert denied* 555 US 897 [2008]; *see also People v Paulman*, 5 NY3d 122, 131 [2005]) in light of, among other things, the limited extent of the *Miranda* violation, the officer's statement clarifying that the "first part" of the interview would be unrelated to defendant's case, and the lack of any other indication of coercive police conduct. Concur—Mazzarelli, J.P., Acosta, Saxe, Clark and Kapnick, JJ.