■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON RILEY, Appellant. [20 NYS3d 361]—

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered March 2, 2010, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, and sentencing him, as a persistent violent felony offender, to an aggregate term of 16 years to life, and order, same court and Justice, entered on or about December 23, 2013, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

Defendant failed to preserve his contention that he was deprived of his constitutional rights to compulsory process and due process by the court's failure to enforce a subpoena duces tecum seeking information about an alleged eyewitness or eyewitnesses (*see People v Lane*, 7 NY3d 888, 889 [2006]). As an alternative holding, we reject it on the merits and find that the court properly declined to enforce the subpoena, which counsel improperly sought to use to locate potential witnesses (*see Matter of Terry D.*, 81 NY2d 1042 [1993]), notwithstanding that it purported to ask for documents.

Defendant's challenge to the admission of a recording of a phone call between him and another person is unpreserved. Contrary to defendant's argument, the issue was not preserved by the court's sua sponte expression of concerns about the call, in the absence of any objection to the court's curative measures or claim that they were inadequate. We decline to review this argument in the interest of justice. As an alternative holding, we find that the court properly exercised its discretion in admitting the call, since any prejudice that might have resulted from defendant's persistent use of offensive language did not substantially outweigh the probative value of, among other things, the incriminating statements he made during the call. In any event, we find that any error was harmless in light of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

The court properly denied defendant's CPL 440.10 motion to vacate the judgment (*see generally People v Samandarov*, 13 NY3d 433, 439-440 [2009]). Defendant has not rebutted the presumption (*see People v Rivera*, 71 NY2d 705, 709 [1988]) that he received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Contrary

to defendant's argument that his counsel was ineffective in failing to introduce three phone calls he made to family members while incarcerated, these calls had little probative value and had the potential to harm defendant's case. Thus, defendant has not shown a reasonable probability that introducing the calls would have been beneficial (*see People v Carmichael*, 118 AD3d 603 [1st Dept 2014], *lv denied* 24 NY3d 1042 [2014]). It does not avail defendant to suggest that his trial counsel was unfamiliar with the calls at issue when discussing the matter years after trial, since the record, "[v]iewed objectively, . . . reveal[s] the existence of a trial strategy that might well have been pursued by a reasonably competent attorney" (*People v Satterfield*, 66 NY2d 796, 799 [1985]). Furthermore, defendant did not provide any information from trial counsel in the form of an affidavit. Concur—Friedman, J.P., Renwick, Saxe and Kapnick, JJ.