■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID EVERETTE, Appellant. [49 NYS3d 443]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered February 23, 2011, convicting defendant, after a jury trial, of two counts of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life, unanimously affirmed. Order, same court and Justice, entered on or about December 23, 2015, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

Based on our review of the photograph of the lineup viewed by the victim of one of the robberies, we find that the record supports the hearing court's conclusion that the lineup was not unduly suggestive (*see People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]). Given the actual appearances of the lineup participants, the "numerical age difference[s]" were insufficient to show suggestiveness (*People v Holley*, 26 NY3d 514, 525 [2015]), and any height or weight disparity was sufficiently minimized (*see id.*).

At trial, the court properly permitted a police officer to testify that the victim of the other robbery identified defendant at a showup. This testimony was admissible, notwithstanding the general rule against third-party bolstering set forth in *People v Trowbridge* (305 NY 471 [1953]), because the victim's declaration qualified as an excited utterance. Shortly after the victim was robbed at gunpoint in his taxicab, he called 911 and was brought in a police vehicle to defendant, who was being

detained. The victim immediately yelled, "[O]h my God[!] . . . [I]t is the same guy . . . . Thank God you caught him[!]" Under the circumstances, this identification was made "under the stress of excitement caused by an external event, and [was] not the product of studied reflection and possible fabrication" (*People v Johnson*, 1 NY3d 302, 306 [2003]). In any event, any error was harmless in light of the overwhelming evidence of guilt and the fact that the officer's testimony was cumulative to the victim's own testimony recounting his out-of-court identification (*see People v Crimmins*, 36 NY2d 230 [1975]).

The court properly exercised its discretion in denying defendant's severance motion (*see* CPL 200.20 [2] [b], [c]). Aside from being similar in law, the two cab robberies were joinable based on overlapping evidence regarding defendant's distinctive modus operandi. This was established by evidence that, among other things, the robber in both incidents, which occurred within one week of each other, asked to be dropped off at a location within a few blocks of defendant's actual address, engaged both drivers in a wide-ranging conversation on topics such as crime and current events, asked near the end of both rides to be dropped off in the middle of the block adjacent to the corner he had initially requested, immediately shifted to an angry demeanor after opening the door at the end of the ride, and demanded money while appearing to be concealing a weapon in his jacket pocket. These similarities demonstrated a sufficiently distinctive modus operandi, and there was no requirement that the crimes be identical (*see People v Screahben*, 35 AD3d 246 [1st Dept 2006], *lv denied* 8 NY3d 884 [2007]; *see also People v Medina*, 66 AD3d 555 [1st Dept 2009], *lv denied* 13 NY3d 908 [2009]; *People v Alexander*, 294 AD2d 118 [1st Dept 2002], *lv denied* 98 NY2d 694 [2002]; *People v Odenthal*, 217 AD2d 412 [1st Dept 1995], *lv denied* 86 NY2d 845 [1995]).

Defendant's arguments concerning the People's summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we conclude that the People's arguments on the common modus operandi of the two crimes were permissible for the above-discussed reasons, and that the summation otherwise provides no basis for reversal (*see People v D'Alessandro*, 184 AD2d 114 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]).

After a thorough hearing, the court properly denied defendant's CPL 440.10 motion claiming ineffective assistance of counsel. Defendant has not established that his trial counsel's alleged deficiencies were objectively unreasonable or that they

resulted in prejudice under the state or federal standards (*see People v Benevento*, 91 NY2d 708 [1998]; *see also Strickland v Washington*, 466 US 668, 688, 694 [1984]). At the hearing, counsel explained, in detail, the reasoning behind his strategic decision not to call an expert on eyewitness identifications, instead seeking to cast doubt on the victims' identifications through cross-examination, and he described his extensive experience with such matters. The record establishes that counsel pursued a legitimate strategy that was objectively reasonable (*see People v Evans*, 16 NY3d 571, 575 [2011], *cert denied* 565 US 912 [2011]). Furthermore, defendant has not shown a reasonable probability that calling an expert would have affected the outcome or fairness of the trial (*see e.g. People v Bracey*, 123 AD3d 419 [1st Dept 2014], *lv denied* 25 NY3d 1198 [2015]). Even if counsel mistakenly believed that the court had denied, with leave to renew, his predecessor's pretrial motion to present such expert testimony, when in fact the court had merely deferred the decision to the trial court, this did not affect either the reasonableness of the strategy or the absence of prejudice.

For the reasons already stated, counsel's failure to object to the summation remarks challenged on appeal did not constitute ineffective assistance (*see People v Cass*, 18 NY3d 553, 564 [2012]).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Acosta, Richter, Manzanet-Daniels and Kahn, JJ.