People v Gay (2022 NY Slip Op 07202)

People v Gay

2022 NY Slip Op 07202

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Kern, J.P., Friedman, Gesmer, González, Mendez, JJ. 

Ind. No. 757/08 Appeal No. 16923-16924 Case No. 2015-137, 2021-01433 

[*1]The People of the State of New York, Respondent,
v
William Gay, Defendant-Appellant. 

Caprice R. Jenerson, Office of the Appellate Defender, New York (Rosemary Herbert of counsel) and Law Offices of Joel B. Rudin, P.C., New York (Jacob Loup of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Matthew B. White of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Nicholas Iacovetta, J. at suppression hearing; Ann M. Donnelly, J. at jury trial and sentencing), rendered October 15, 2012, convicting defendant of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 25 years to life, and order, same court (Judith Lieb, J.), entered on or about July 17, 2020, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). While the evidence was entirely circumstantial, the only reasonable conclusion to be drawn from the totality of the evidence was that defendant was the person who shot the victim. Although no one saw the shooting, the combination of eyewitness testimony about events immediately before and after it occurred, along with forensic evidence and spatial and temporal factors, abundantly established defendant's guilt. In particular, the evidence provides no reason to doubt that the incriminating observations made by the eyewitnesses involved the same person.
The court properly denied defendant's motion to suppress identification testimony. The lineup viewed by an eyewitness was not unduly suggestive (see People v Jackson, 98 NY2d 555, 559 [2002]; People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]; People v Gilbert, 295 AD2d 275 [1st Dept 2002], lv denied 99 NY2d 558 [2002]). Unlike the pretrial showing of a photograph described in People v Marshall (26 NY3d 495 [2015]), the witness's accidental viewing in the prosecutor's office of a photograph of the lineup from which he had already selected defendant was not an identification procedure (see e.g. People v Jimenez, 232 AD2d 210 [1st Dept 1996], lv denied 89 NY2d 924 [1996]), and thus did not entitle defendant to a further Wade hearing.
Defendant's contention that the police lacked probable cause to arrest him before the lineup is unpreserved, because the suppression court did not "in response to a protest by a party, . . . expressly decide[ ] the question raised on appeal" (People v Graham, 25 NY3d 994, 996 [2015] [emphasis added]; see People v Colon, 46 AD3d 260, 263 [1st Dept 2007]), and we decline to review it in the interest of justice. That contention was also affirmatively waived, and the People were not alerted to the need to develop the record in this regard. As an alternative holding, we find, to the extent the record permits review, that the police had probable cause to arrest defendant. This was based on information from an eyewitness who was familiar with defendant, and who made observations that, when coupled with observations made by another eyewitness, warranted a circumstantial inference that defendant was the perpetrator, regardless of the latter witness's ability to make an identification (see generally [*2]People v Bigelow, 66 NY2d 417, 423 [1985]).
Defendant's arguments concerning the People's opening statement and summation, and as to consciousness of guilt evidence, are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
The court providently exercised its discretion in denying defendant's CPL 440.10 motion claiming ineffective assistance of counsel without granting a hearing (see People v Samandarov, 13 NY3d 433, 439-440 [2009]). Initially, we note that although the primary purpose of such a motion is to expand the record, defendant did not do so, by way of attorney affirmation or otherwise, with regard to hearing counsel's failure to raise a Fourth Amendment issue or trial counsel's failure to cross-examine a witness about his description of defendant. Insofar as defendant's ineffectiveness claims are reviewable, we find that he received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown any reasonable possibility that a challenge to the legality of his arrest would have been successful. We agree with defendant that the trial court's identification charge should not have indicated that a certain witness identified defendant as "the perpetrator," where in fact that witness identified defendant as taking certain actions supporting a circumstantial inference of guilt when coupled with other evidence. However, counsel's failure to object to that charge was not prejudicial since the jury was well aware that no witnesses saw the actual shooting. Defendant has not shown that any of counsel's other alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. Among other things, defendant failed to show that counsel was ineffective in failing to object during the prosecutor's opening statement and summation (see People v Cass, 18 NY3d 553, 564 [2012]), failing to request a consciousness of guilt charge (see People v Arroyo, 131 AD3d 1257 [2d Dept 2015], lv denied 26 NY3d 1038 [2015]; People v Hill, 82 AD3d 1715, 1716 [4th Dept 2011], lv denied 17 NY3d 806 [2011]), or failing to call an expert in eyewitness identifications at trial (see People v Everette, 148 AD3d 513, 515 [1st Dept 2017], lv denied 29 NY3d 1078 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 20, 2022