People v Harris (2023 NY Slip Op 04826)

People v Harris

2023 NY Slip Op 04826

Decided on September 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 28, 2023

Before: Webber, J.P., Friedman, González, Rodriguez, Pitt-Burke, JJ. 

Ind. No. 2508/15 Appeal No. 648 Case No. 2016-01703 

[*1]The People of the State of New York, Respondent,
v
George Harris, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Paul Wiener of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered February 5, 2016, convicting defendant, after a jury trial, of criminal contempt in the first degree and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.
Defendant's arguments that the grand jury proceedings were impaired because the complainant was not competent to testify under oath and the People did not seek a competency hearing before allowing her to testify at the grand jury are unpreserved, and we decline to review them in the interest of justice (see CPL 470.05[2]). Defendant's original omnibus motion, as well as the defense arguments during trial questioning the complainant's competency to give testimony under oath, focused on the sufficiency of the evidence supporting the indictment, not whether the integrity of the grand jury proceeding was impaired (see CPL art 190). A trial court's denial of a motion to dismiss an indictment for alleged insufficient evidence is not reviewable on an appeal from the ensuing judgment (see CPL 210.30[2], 210.30[6]; People v Smith, 4 NY3d 806, 808 [2005]).
As an alternative holding, we find that it was provident exercise of the People's discretion to allow the complainant to testify before the grand jury without a competency hearing. The prosecutor met with the complainant three times before the grand jury proceedings and determined that her mental disability did not materially impair her ability to relate the facts of the incident or to tell the truth. The trial court also reviewed the grand jury minutes and found no basis to conclude that the complainant could not relate the facts or tell the truth as to the matter she was testifying to.
Moreover, during a competency hearing held after the grand jury proceedings had concluded and before trial, the complainant demonstrated that she knew the difference between fact and falsehood, and stated that it was "a good thing" to tell the truth and that if she lied on the stand she could go to jail. The complainant's inability at the competency hearing to explain on a conceptual level what is the truth, or the distinction between truth and a lie, did not detract from her other testimony showing she understood the difference between the truth and a lie, and the consequences of not telling the truth, including the possibility of jail time (see People v Parks, 41 NY2d 36, 40 [1976]). In addition, the People's additional evidence, including defendant's incriminating statement and the arresting officer's observations, also corroborated the complainant's account of the incident.
The trial court properly admitted into evidence a hearsay statement made by an unidentified passerby to the arresting officer that a man "just punched a woman." The passerby pointed towards the complainant and defendant, who were still arguing approximately 20 to 30 feet from the officer, and the officer saw that the woman was crying, with blood visible in her mouth, saying,[*2]"he hit me, he hit me." Reasonable inferences drawn from the passerby's hearsay statement were that it was made spontaneously by a person who had perceived the assault as it happened or its immediate aftermath, and independent evidence existed to corroborate the hearsay statement to establish its reliability. Thus, the statement qualified as a present sense exception to the hearsay rule (see People v Cantave, 21 NY3d 374, 382 [2013] see generally People v Brown, 80 NY2d 729, 733-737 [1993]).
The trial court also properly admitted into evidence defendant's statement, "That's my wife, I punched her," made to the arresting officer. Defendant was not in custody at the time he made this statement, as the arresting officer had only briefly grabbed defendant's arm to get defendant to turn around and face him. Furthermore, defendant's challenged statement was made in response to the officer's simple, innocuous inquiry, "Is that your wife?" which did not amount to police interrogation given that it was not "reasonably likely to elicit an incriminating response" under the "particular circumstances" of the interaction (People v Bracey, 123 AD3d 419, 420 [1st Dept 2014], lv denied 25 NY3d 1198 [2015] [internal quotation marks omitted]; see also Miranda v Arizona, 384 US 436, 477 [1966]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2023