People v Glenn (2023 NY Slip Op 06094)

People v Glenn

2023 NY Slip Op 06094

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Oing, J.P., Gesmer, Mendez, Shulman, Rodriguez, JJ. 

Ind. No. 956/15 Appeal No. 1099 Case No. 2018-2691 

[*1]The People of the State of New York, Respondent,
v
James Glenn, Defendant-Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Karen Brill of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Rachel Bond of counsel), for respondent.

Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered September 28, 2o17, convicting defendant, after a jury trial, of 12 counts of burglary in the third degree, and sentencing him, as a persistent felony offender, to concurrent terms of 15 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the persistent felony offender adjudication and sentence, and sentencing defendant, as second felony offender, to concurrent terms of 3½ to 7 years, and otherwise affirmed.
Defendant failed to preserve his legal insufficiency claims related to his convictions of the second and fifth counts, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. We also find that those convictions were not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). It is undisputed that surveillance videos showed defendant trespassing in office areas of buildings as alleged in all 12 counts of the indictment, and that the 10 counts other than the second and fifth were supported by legally sufficient evidence and were not against the weight of the evidence. The evidence established that defendant was the person who stole the laptops, based on, among other things, the timing of his appearances and conduct in the buildings' surveillance videos (see People v Brown, 203 AD3d 666, 666 [1st Dept 2022], lv denied 38 NY3d 1132 [2022]), his repeated use of "the same distinctive modus operandi" (People v Taylor, 215 AD3d 431, 432 [1st Dept 2023], lv denied 40 NY3d 931 [2023]), his subsequent sales of some of the same laptops that were stolen, and his possession of false identification cards for nonexistent messenger and computer repair companies. Defendant's argument that the evidence presented on the second and fifth counts did not establish a nexus between his presence and the missing laptops is unavailing, in light of the foregoing circumstances and the testimony of witnesses who reviewed available surveillance video footage recorded during the relevant times and did not find anyone other than defendant who was unaccounted for on the premises.
The court properly declined to charge criminal trespass in the third degree as a lesser included offense of burglary in the third degree. There was no reasonable view of the evidence, viewed in the light most favorable to defendant, that he entered the buildings without larcenous intent (see People v Scott, 161 AD3d 580, 581 [1st Dept 2018], lv denied 32 NY3d 941 [2018]). Further, third-degree criminal trespass does not qualify as a lesser included offense of third-degree burglary (see id.).
Defendant's challenges to the prosecutor's comments on summation are unpreserved (see People v Romero, 7 NY3d 911, 912 [2006]), and we decline to review them in the interest of justice. As an alternative holding, the comments provide no basis for reversal (see People v Overlee, 236 AD2d 133[*2][1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114 [1st Dept 1992], lv denied 81 NY2d 884 [1993]; People v Everette, 148 AD3d 513, 514 [1st Dept 2017], lv denied 29 NY3d 1078 [2017]). Moreover, any error was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]).
Based on the People's consent and pursuant to our own interest of justice powers, we reduce the sentence to the extent indicated, in light of, among other things, defendant's advanced age, his health problems and history of drug addiction, the nonviolent nature of his offenses, his positive behavior while incarcerated, and his sentence of 15 years to life in an unrelated case (see People v Walsh, 101 AD3d 614, 614 [1st Dept 2012]; People v Rivera, 166 AD2d 367, 368-369 [1st Dept 1990], lv denied 77 NY2d 842 [1991]).
We have considered the arguments raised in defendant's pro se supplemental brief and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023