People v Allen (2025 NY Slip Op 02881)

People v Allen

2025 NY Slip Op 02881

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Renwick, P.J., Kern, Gesmer, Rosado, O'Neill Levy, JJ. 

Ind. No. 5401/16|Appeal No. 4326-4326A|Case No. 2018-4459, 2024-01679|

[*1]The People of the State of New York, Respondent,
v
Emmet Allen, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Hunter Baehren of counsel), for respondent.

Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered November 20, 2017, as amended January 23, 2018, convicting defendant, after a jury trial, of operating a motor vehicle while ability impaired, operating a motor vehicle while intoxicated, and aggravated unlicensed operation of a motor vehicle in the first degree (two counts), and sentencing him to an aggregate term of 2 1/3 to 7 years, followed by 5 years of probation, unanimously affirmed. Order, same court (Kathryn S. Paek, J.), entered on or about March 1, 2024, which denied defendant's CPL 440.10 motion to vacate his conviction, unanimously affirmed.
After a hearing, the court properly denied defendant's CPL 440.10 motion claiming ineffective assistance of counsel. Defendant has not established that his trial counsel's failure to call an expert to challenge his Intoxilyzer reading was objectively unreasonable or resulted in prejudice under the state or federal standards (see People v Everette, 148 AD3d 513, 514-515 [1st Dept 2017], lv denied 29 NY3d 1078 [2017]). At the hearing, counsel explained her strategic decision to challenge the accuracy of the Intoxilyzer reading through cross-examination and by relying on the video of defendant's Intoxilyzer and coordination tests (cf. People v Carter, 167 AD3d 513 [1st Dept 2018] [where final Intoxilyzer reading conflicted with an earlier reading showing no intoxication, counsel ineffective in failing to take steps to consult with and produce an appropriate expert on breath and blood alcohol analysis to rebut the People's proof because of the inability of his indigent client to pay for an expert and took no steps to obtain a court-appointed expert]). Moreover, defendant has not shown a reasonable probability that calling an expert would have affected the outcome of the trial (see Everette, 148 AD3d at 515). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025